14-0075-cv
*Zito v. Town of Wawayanda*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RICHARD ZITO, SONNY ZITO RECYCLING INC., THE 1815 LLC,

    *Plaintiffs-Appellants,*

        -v.-                                                    No. 14-0075-cv

TOWN OF WAWAYANDA,

    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**          JAMES G. SWEENEY, James G. Sweeney
                                        P.C., Goshen, NY.


**FOR DEFENDANT-APPELLEE:**             STEPHEN J. GABA, Drake, Loeb,
                                        Heller, Kennedy, Gogerty, Gaba &
                                        Rodd PLLC, New Windsor, NY.

Appeal from the December 30, 2013 judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 30, 2013 judgment of the District Court be **AFFIRMED**.

Plaintiffs Richard Zito, Sonny Zito Recycling Inc., and The 1815 LLC (jointly, "Zito") appeal the judgment of the District Court dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), their claim against the Town of Wawayanda (the "Town") for violation of the Equal Protection Clause of the Fourteenth Amendment.[1] We assume familiarity with the factual and procedural history of the case and repeat only those details necessary to the resolution of this appeal.

Beginning in 1994, Zito conducted the business of "recycling and solid waste stockpiling, storage, transportation, transfer and disposal" on property it owned in the Town. Sometime prior to 2003, the Town initiated proceedings against Zito to abate what it deemed illegal use of the property in a zone that prohibited "Industrial Uses"—a category which includes recycling as carried out on Zito's property.[2] On May 9, 2003, the Town and Zito settled the dispute by executing an agreement (the "Stipulation") under which Zito was permitted to continue its "noncomforming use" under significant limitations imposed by the Stipulation. For example, Zito was limited in the type of recycling he could conduct (*e.g.* "vehicle dismantling" was prohibited), and was required to obtain approval from the Town for any revisions to his business plan which, if denied, could not be judicially challenged. The Stipulation permitted Zito to "conduct any other permitted uses . . . provided [it] secure[d] the appropriate [government approval]."

In 2013, Zito submitted a letter to the Town requesting that the Stipulation be rescinded and that Zito be permitted to resume its recycling operations in full. The basis for this letter was an earlier decision by the Town's zoning board that the recycling operation of another company—Brookfield Resource Management LLP ("Brookfield")—was an "Industrial Use" permitted in the relevant zoning district, which was designated "Industrial Office Research and Business" ("IORB"). Zito argued that its property was in a zone designated "Town Commercial" ("TC"), which permits "Light Manufacturing Uses" ("LMU"), and LMU includes certain "industrial uses."[3] Accordingly, Zito argued, its recycling business should be permitted in full because it was "exactly the same" as Brookfield's operation and, therefore, a permissible "Industrial Use."

---

[1] The District Court dismissed in full Zito's Amended Complaint, which contained additional state and federal claims. Zito does not appeal the dismissal of the other claims.

[2] Prior to 2002, Zito's property was located in a zoning district designated "Light Industry-Office-Research-Business" ("LORB") by the Town Code. While the enforcement proceeding was ongoing, the Town changed the zoning designation where Zito's property was located from LORB to "Town Commercial" ("TC"). Because both LORB and TC zoning prohibited "Industrial Uses" the proceedings were unaffected by this change.

[3] The Zoning Code defines "Light Manufacturing" as: "Manufacturing or industrial uses of processing, fabrication or assembly that are of a nonpolluting nature, particularly in regard to reservoir and ground water resources, and in regard to ambient air quality, noise and light pollution [including] . . . printing, technology manufacturing, research and development laboratories, testing, repair and packaging of components, devices and equipment systems."

The Town board declined to abrogate the restrictions in the Stipulation to permit Zito to conduct more extensive recycling operations. In response, Zito initiated this lawsuit, claiming "denial of equal protection of the laws." The District Court dismissed this claim on the basis that Zito failed to plausibly allege that his property was sufficiently similarly situated to Brookfield to support a claim for equal protection violations. This timely appeal followed.

## DISCUSSION

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Zito brings a "class of one" equal protection claim, which requires a plaintiff to allege that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted). Plaintiff must identify at least one comparator with whom it shares "an extremely high degree of similarity" sufficient to "provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (internal quotation marks omitted).

Upon review of the record, we conclude that Zito has not plausibly alleged that "properties sufficiently similar to [it] were treated more favorably" by the Town in issuing its zoning decisions. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010). Several important distinctions between Zito and Brookfield provide a "rational basis for the difference in treatment." Most significantly, they are in different zones, one of which permits all "Industrial Uses," and one of which permits only "Light Manufacturing Uses," which includes some, but not all, industrial uses. Additionally, Brookfield is not, and was never, subject to any agreement similar to the Stipulation. Zito's equal protection claim therefore fails.

## CONCLUSION

We have considered the remainder of Zito's arguments and find them to be without merit. For the reasons set out above we **AFFIRM** the December 30, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3