252 F.3d 645 (2nd Cir. 2001)
 DAVID R. KITTAY, AS TRUSTEE OF DUKE & BENEDICT, INC., PLAINTIFF-APPELLANT,
v.
RUDOLPH W. GIULIANI, AS MAYOR OF THE CITY OF NEW YORK, THE CITY OF NEW YORK, GEORGE E. PATAKI, AS GOVERNOR OF NEW YORK STATE, THE STATE OF NEW YORK, JOHN P. CAHILL, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, ANTONIA C. NOVELLO, M.D., M.P.H., AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH, NEW YORK STATE DEPARTMENT OF HEALTH, JAMES TIERNEY, AS INSPECTOR GENERAL OF THE NEW YORK CITY WATERSHED, JOSEPH A. MIELE, SR., AS COMMISSIONER OF THE NEW YORK CITY OF DEPARTMENT OF ENVIRONMENTAL PROTECTION, CITY OF NEW YORK DEPT. OF ENVIRONMENTAL PROTECTION BUREAU OF SEWERS, ROBERT J. BONDI, AS PUTNAM COUNTY EXECUTIVE, THE COUNTY OF PUTNAM, FRANK J. DEL CAMON, AS SUPERVISOR OF THE TOWN OF CARMEL, THE TOWN OF CARMEL, LOIS C. ZUTELL, AS SUPERVISOR OF THE TOWN OF SOUTHEAST, THE TOWN OF SOUTHEAST, ANN MARIE BAISLEY, AS SUPERVISOR OF THE TOWN OF KENT AND THE TOWN OF KENT, DEFENDANTS-APPELLEES.
 Docket No. 00-9248
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: June 4, 2001
Decided June 8, 2001
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Parker, Judge) dismissing plaintiff's federal claims and declining to exercise supplemental jurisdiction over plaintiff's State claims.
 AFFIRMED.
 David R. Kittay, Esq., Kittay, Gold & Gersshfeld, P.C., White Plains, N.Y., for plaintiff-appellant.
 Susan Choi-hausman for Michael D. Hess, Corporation Counsel of the City of New York (Barry P. Schwartz, Christopher G. King, and Gabriela Cacuci, on the brief), New York, N.Y., for the City defendants.
 Rachel Zaffrann, Assistant Attorney General, for Eliot Spitzer, Attornery General of the State of New York (Michael Belohlavek and Norman Spiegel, on the brief), New York, N.Y., for the State defendants
 Before: Winter, Calabresi, and Pooler, Circuit Judges.
 
 Per Curiam
 I. BACKGROUND
 
 1
 David Kittay ("Kittay"), as trustee in bankruptcy of Duke & Benedict, Inc. ("D&B"), brought this action against various New York City and State governmental entities and officials (collectively "defendants") alleging that the defendants had violated D&B's rights under the United States Constitution, 42 U.S.C. § 1983, the New York State Constitution, the New York Public Health Law, and New York common law. D&B=s assets consist almost entirely of undeveloped real property within the Putnam County, New York watershed. The gravamen of Kittay's complaint is that water regulations promulgated by the defendants as part of an agreement between the City of New York and towns and counties in the City's watershed unlawfully render D&B=s property economically worthless and unuseable.
 
 
 2
 Kittay raised both as-applied and facial challenges to the water regulations. In each case, Kittay asserted that (1) the regulations constitute a taking under the Fifth and Fourteenth Amendments, (2) improprieties in the process by which the regulations were adopted and the unreasonable terms of the regulations themselves deprive him of Fourteenth Amendment substantive due process rights, (3) the defendants violated his Fourteenth Amendment procedural due process rights by denying him a reasonable opportunity to be heard in connection with the adoption of the regulations, (4) the regulations violate his Fourteenth Amendment equal protection rights by impermissibly discriminating against landowners in New York City's watershed, and (5) certain agreements by local governments in the watershed not to challenge the regulations in court deprive him of his First Amendment rights to petition the government for redress of grievances. In addition to these federal claims, Kittay also asserted a series of New York state law claims that roughly mirror the federal causes of action listed above.
 
 II. DISCUSSION
 
 3
 The defendants moved, in the district court, to dismiss Kittay's complaint. First, the defendants argued that because Kittay has failed to seek either an administrative ruling concerning the challenged regulations' application to D&B's land or a variance from the regulations, his as-applied challenges to the regulations are not ripe for judicial decision. Second, the defendants contended that Kittay's facial challenges fail to state a claim. In an extremely detailed and careful opinion, the district court (Parker, J.) granted, on these grounds, the defendants' motion and dismissed Kittay's federal causes of action pursuant to Fed. R. Civ. P. 12(b). Then, noting that there remained no independent basis for federal jurisdiction over the State law claims, the district court declined to exercise pendent jurisdiction and dismissed these claims without prejudice. See Kittay v. Giuliani, 112 F.Supp. 2d 342 (S.D.N.Y. 2000). Kittay appealed.
 
 
 4
 On appeal, Kittay renews most of the arguments that were considered and rejected by the district court in its comprehensive and well-reasoned opinion.[1] We affirm substantially for the reasons given by that court. Kittay's as applied challenge to the regulations is not ripe. See generally Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1985) (takings-type claims are not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and (2) the claimant has sought compensation from the state if the state provides a "reasonable, certain and adequate provision for obtaining compensation") (internal quotation marks omitted). And Kittay's facial challenge cannot demonstrate that Ano set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987); see also Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 736 n. 10 (1997) (facial challenges to land use regulations "face an uphill battle, since it is difficult to demonstrate that mere enactment of a piece of legislation deprived the owner of economically viable use of his property" (quotation marks, brackets, and citations omitted)).
 
 III. CONCLUSION
 
 5
 Accordingly, having considered all of Kittay's arguments and found them to be without merit, we AFFIRM the judgment of the district court.
 
 
 
 NOTE:
 
 
 [1]
 Kittay has not renewed his First Amendment argument on appeal.