09-4480-cv
Ruston v. The Town Board for the Town of Skaneateles et al.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: April 15, 2010          Decided: July 8, 2010)

Docket No. 09-4480-cv

- - - - - - - - - - - - - - - - - - - -x

LAWRENCE RUSTON, JANET RUSTON,

                Plaintiffs-Appellants,

          - v.-
THE TOWN BOARD FOR THE TOWN OF
SKANEATELES, PAUL "BILL" PAVLUS,
THADDEUS ASTEMBORSKI, BARBARA SPAIN,
DAVID G. LAXTON, THEODORE MURDICK, THE
PLANNING BOARD FOR THE TOWN OF
SKANEATELES, MARK TUCKER, JOSEPH
SOUTHERN, KENNETH JONES, ALAN BRIGGS,
LEWIS WELLINGTON, DESSA BERGEN, ROBERT
LOTKOWICTZ, THE VILLAGE OF SKANEATELES,

                Defendants-Appellees,

JOHN DOE, JANE DOE 1-20,

                Defendants.

- - - - - - - - - - - - - - - - - - - -x


     Before:       JACOBS, Chief Judge, McLAUGHLIN and SACK,
                   Circuit Judges.

     Appeal from a judgment of the United States District

Court for the Northern District of New York (Scullin, J.),

dismissing on the pleadings a "class of one" equal protection claim by property owners, who were denied sewer hookups for their proposed subdivision, against the Village of Skaneateles, the Town Board, and the Town Planning Board (and individual members of the Boards).  We affirm, relying on Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) to supersede DeMuria v. Hawkes, 328 F.3d 704 (2d Cir. 2003).

J. DAVID MacCARTNEY, JR., Esq. (Dennis E.A. Lynch, Esq., on the brief), Feerick Lynch MacCartney PLLC, South Nyack, NY for Plaintiffs-Appellants.

Terry Rice, Rice & Amon, Suffern, NY for Defendant-Appellee Village of Skaneateles; FRANK W. MILLER, Esq., Law Firm of Frank Miller, East Syracuse, NY for Defendants-Appellees Town Board for the Town of Skaneateles, Town Planning Board, and individual Town Defendants.

DENNIS JACOBS, Chief Judge:

Plaintiffs-appellants Lawrence and Janet Ruston ("the Rustons") allege a "class of one" equal protection claim against local authorities that denied applications for a subdivision and additional sewer hookups for plaintiffs' lot fronting Lake Skaneateles.

**I**

The Rustons own a 27-acre lakefront lot within the Town of Skaneateles ("Town"), but outside of the Village of Skaneateles ("Village").  In 1990, the property had a single house, in which the Rustons lived, and three other structures, all connected to the Village's sewer system. They plead that the Town and the Village unconstitutionally frustrated their development plans.[1]

In 1990, the Rustons presented to the Town a plan to subdivide their lot and build a new housing development. The Town required the Rustons first to get permission from the Village to connect the proposed new homes to the Village sewer system.  In 1991, the Village denied the Rustons' request.  The Rustons, for a time, abandoned their efforts.

In 2000, the Rustons sought permission from the Town to subdivide their property and build a development containing 14 residential units, each to be serviced by its own septic system in a new sewer district.  The Rustons allege that the

---

[1] This account of the dispute is derived from the Rustons' January 12, 2009 amended complaint, the factual allegations of which are accepted as true to the extent they are non-conclusory for the purposes of a motion to dismiss. **See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).**

Town delayed and raised a series of obstacles to their application. While the application to the Town was stalled, the Rustons twice sought permission to connect their proposed new units to the Village sewer system. Both requests were denied. After the Village issued its final rejection in November 2004, the Rustons renewed the pending application to the Town to create the new sewer district for the development and to approve the new development as a whole. The Town delayed consideration until December 2005, by which time a new zoning law had been put into place. It is alleged that this law was designed to block the Rustons' proposed development, and did so: The Town considered the Rustons' development application in December 2005 and, citing the new zoning law, denied it.

In July 2006, the Rustons filed a complaint under 42 U.S.C. §§ 1983 and 1985 in the United States District Court for the Northern District of New York (Scullin, J.) against the Village of Skaneateles and the Town Board of Skaneateles, the Town Planning Board, as well as several individual members of the Town Board and the Town Planning Board (collectively, the "Town defendants"). This (first) complaint alleged: (1) conspiracy to violate the Rustons'

4

civil rights; (2) violation of their substantive due process rights; and (3) violation of their equal protection rights. Additionally, the Rustons brought claims against the Town defendants claiming that the Town's new zoning law was unconstitutionally vague, and violated their substantive due process rights and their right to equal protection. The Rustons also asserted a state law claim against the Town defendants to enforce vested property rights.

The Village moved to dismiss under Rule 12(b)(6), joined by the Town defendants (as relevant to them). On December 24, 2008, the district court dismissed: (1) with prejudice as to the § 1985 conspiracy claims against all defendants; (2) with prejudice as to the substantive due process claim against the Village; but (3) *without* prejudice as to the equal protection claim against the Village. See Ruston v. Town Bd. for Skaneateles, No. 5:06-CV-927, 2008 U.S. Dist. LEXIS 104129 (N.D.N.Y Dec. 24, 2008).

On January 12, 2009, the Rustons filed an amended complaint, renewing all claims against the Town defendants (except the § 1985 conspiracy claims), and re-casting the equal protection claim against the Village. The Town defendants and the Village again moved to dismiss, and the

district court dismissed with prejudice all federal claims against the Town defendants and the Village; and, having dismissed all federal law claims, the court declined to exercise supplemental jurisdiction over the Rustons' state law claim, and dismissed it without prejudice. See Ruston v. Town Bd. for Skaneateles, No. 5:06-CV-927, 2009 U.S. Dist. LEXIS 90964 (N.D.N.Y Sept. 30, 2009).

The Rustons appeal, *inter alia*, the dismissal of their equal protection claim.[2] We affirm, holding that the complaint failed to state an equal protection claim on which relief could be granted.

_____

[2] The Rustons assert two additional grounds for appeal, both meritless.

As to their substantive due process claim, they had no federally protected property right to approval of the sewer hookups or the development itself (as approval of either required a favorable exercise of discretion), see Clubside, Inc. v. Valentin, 468 F.3d 144, 154 (2d Cir. 2006); RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 918 (2d Cir. 1989), and they did not allege governmental behavior that "may fairly be said to shock the contemporary conscience," see Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (internal quotation marks omitted).

As to the facial constitutionality of the new zoning law, the Rustons failed to allege that "'no set of circumstances exists under which the [law] would be valid.'" See Kittay v. Giuliani, 252 F.3d 645, 647 (2d Cir. 2001) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).

6

## II

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d. Cir 2008) (internal quotation marks omitted).

The Rustons argue that they sufficiently alleged a "class of one" equal protection claim against the Town defendants and the Village. See generally, Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008). The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[3] Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

The Supreme Court has recently clarified the pleading standard required to withstand a motion to dismiss. "[O]nly

---

[3] The Supreme Court arguably added a third requirement to "class of one" claims in Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008): that the offending governmental action at issue be non-discretionary. As we hold that the Rustons have failed to adequately allege a "class of one" claim regardless of whether the governmental action at issue was non-discretionary we have no need to explore Engquist.

a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (internal citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-66 (2007). District courts in our Circuit differ as to the impact of this pleading standard on a "class of one" equal protection claim.[4] This uncertainty is attributable to the tension between [i] this Court's decision in DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003), which held under a now-obsolete pleading standard that a "class of one" claim is adequately pled ("albeit

---

[4] Compare Toussie v. Town Bd. of E. Hampton, No. 08-CV-1922, 2010 U.S. Dist. LEXIS 13435, at *16-17 (E.D.N.Y. Feb. 17, 2010) with Crippen v. Town of Hempstead, No. 07-CV-3478, 2009 U.S. Dist. LEXIS 24820, at *33 (E.D.N.Y. Mar. 25, 2009) (decided before Iqbal but after Twombly).

8

barely" so) even without specification of others similarly situated, and [ii] the Supreme Court's recent clarifications, which require that a complaint allege facts sufficient to establish "a plausible claim for relief," Iqbal, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 566.

We hold that the pleading standard set out in Iqbal supersedes the "general allegation" deemed sufficient in DeMuria, 328 F.3d at 707. Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions. See Iqbal, 129 S. Ct. at 1950-51. "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950). "We next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Iqbal, 129 S. Ct. at 1951; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Rustons' complaint fails to allege facts that "plausibly suggest an entitlement to relief." As to the Town defendants, the Rustons' argument appears to be that

9

the Town refused to consider their application while considering applications submitted by those similarly situated. However, the Rustons do not allege specific examples of the Town's proceedings, let alone applications that were made by persons similarly situated. The equal protection claim as to the Town defendants therefore fails for lack of factual allegations to support the legal conclusion.

As to the Village, the Rustons argue that other, similarly situated properties were allowed to connect to the Village's sewer system. The Rustons do identify several properties that allegedly were allowed to connect to the Village's sewer system, all of them individual homes or businesses that (like the Rustons' land) were outside the Village but within the Town. We credit, as we must, the factual allegations that these other properties received sewer access while the Rustons' property did not. Nevertheless the complaint fails to state a claim that would support relief.

"[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin,

468 F.3d 144, 159 (2d Cir. 2006).  "Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  Id. (internal quotation marks omitted).

Under this standard, none of the properties cited by the Rustons suffice: a house built in 1987; a country club that was renovated in "the early 1990's"; two neighboring properties--"connected to the Village sewer system for decades"--that are not further described; a house built "in or around 2004"; a "luxury spa" built "in the late 1990's"; and a "large commercial building."  None of these properties is similar to the Rustons' proposed 14-home development, let alone so similar that no rational person could see them as different: some are commercial properties versus the residential properties at issue, see Campbell v. Rainbow City, 434 F.3d 1306, 1314-15 (11th Cir. 2006) (properties

11

that differed in land use were not prima facie similarly situated); see also Clubside, Inc., 468 F.3d at 159, and the residential connections were single homes, not a new development as proposed by the Rustons, see id. at 159-60 (projects involving "different types of housing and density levels" were not similarly situated as a matter of law).

As the Rustons fail to allege that properties sufficiently similar to theirs were treated more favorably by either the Village or the Town, they have failed to state a "class of one" equal protection claim.

* * *

We have considered the Rustons' other arguments and find them unavailing. For the foregoing reasons, the judgment of the district court is affirmed.

12