11-4348-cv
Robinson v. Allstate Insurance Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*
_____

DAVID W. ROBINSON

                    *Plaintiff-Appellant*,

             -v-                                           11-4348-cv

ALLSTATE INSURANCE COMPANY, STATE OF NEW YORK
DEPARTMENT OF INSURANCE, CHARLES BARDONG,
DIRECTOR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
COUNTY OF YATES, RONALD G. SPIKE, MICHAEL C.
CHRISTENSEN, SENIOR INVESTIGATOR OF COUNTY OF
YATES SHERIFF'S DEPARTMENT, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, VILLAGE OF PENN YAN, GENE
MITCHELL, CHIEF OF POLICE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES,

                    *Defendants-Appellees.*[*]
_____

_____

[*]The Clerk of the Court is directed to change the caption as set out above.

Appearing for Appellant:      STEPHEN EDWARD LAPRADE (Christina A. Agola, *on the brief*), Christina A. Agola PLLC, Rochester, NY.

Appearing for Appellees:      BEVERLEY S. BRAUN, ESQ., Of Counsel, Jaeckle, Fleischmann & Mugel, LLP, Buffalo, NY, *for* Allstate Insurance Company.

OWEN DEMUTH (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, *for* State of New York Department of Insurance and Charles Bardong, Director, in his Individual and Official Capacities.

DAVID RAY ADAMS (Michael F. Perley, Esq., Tasha T. Dandrige-Richburg, Esq., Of Counsel, *on the brief*), Hurwitz & Fine, P.C., Buffalo, NY, *for* County of Yates, Ronald G. Spike, Michael C. Christensen, Senior Investigator County of Yates Sheriff's Department, in his Individual and Official Capacities.

GERARD E. O'CONNOR, Lippman O'Connor, Buffalo, NY, *for* Gene Mitchell, in his Individual and Official Capacities, and Village of Penn Yan.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant David W. Robinson ("Plaintiff") appeals from the district court's (Larimer, *J.*) November 6, 2008 dismissal of claims against Defendants-Appellees ("Defendants") the State of New York Department of Insurance and Charles Bardong pursuant to Rules 12(b)(1) and 12(b)(6); March 30, 2010 grant of summary judgment in favor of Defendant Allstate Insurance and denial of a continuance of discovery pursuant to Rule 56(f) (renumbered Rule 56(d) in 2010); and September 23, 2011 grant of summary judgment in favor of all other Defendants and denial of a continuance of discovery. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). *Donoghue v. Bulldog Investors General P'ship*, 696 F.3d 170, 173 (2d Cir. 2012); *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71. "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal brackets and quotation marks omitted).

2

"We review the grant of summary judgment *de novo* and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 184 (2d Cir. 2012) (internal quotation marks omitted). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

In this action, Plaintiff alleges violations of 42 U.S.C. §1985(3) ("Section 1985") by all Defendants. Plaintiff also alleges violations of 42 U.S.C. § 1983 ("Section 1983") and negligent failure to supervise employees against all Defendants except Allstate Insurance Company.

Plaintiffs' claims against Defendants the State of New York Department of Insurance and Charles Bardong are barred by the Eleventh Amendment. "The Eleventh Amendment prohibits the Judicial power of the United States from extending to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. This jurisdictional bar also immunizes a state entity that is an arm of the State, including, in appropriate circumstances, a state official acting in his or her official capacity." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (internal citations and quotation marks omitted).

Plaintiff's Complaint fails to state a Section 1985 claim against any Defendant. Plaintiff alleges that Defendants conspired to deprive him of equal protection in violation of Section 1985(3). In order to make out a Section 1985(3) claim, "the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. Of Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983). "[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Furthermore, the "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006) (internal quotation marks omitted).[1]

Here, Plaintiff has failed to provide any factual basis supporting a meeting of the minds, merely making conclusory statements that there was a conspiracy. Plaintiff has also failed to allege any animus. Plaintiff claims that he is a "class of one" who has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Ruston v. Town Bd. For Skaneateles,* 610 F.3d 55, 58 (2d Cir. 2010) (internal

---

[1]In his brief on appeal, Plaintiff concedes that he fails to state a claim under Section 1985 and raises a Section 1983 conspiracy claim instead. Plaintiff has waived that argument by failing to raise it below. Although we have discretion to review issues raised for the first time on appeal "where necessary to avoid manifest injustice," *see In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam), we see no reason to exercise that discretion here.

quotation marks omitted). However, Plaintiff has failed to establish "that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Id*. at 60 (internal quotation marks omitted). Under either a motion to dismiss or a summary judgment standard, Plaintiff has failed to state facts sufficient for a Section 1985(3) claim.

Next, Plaintiff has not plausibly set forth either a claim for negligence or a claim for violation of his civil rights under Section 1983. Plaintiff does not offer anything more than conclusory allegations in support of his legal arguments. As the district court noted, "what [P]laintiff has offered is a set of largely unrelated factual allegations concerning his own unlawful activity and interactions with law enforcement . . . , and a host of vague and unsupported claims that the defendants' actions, while facially constitutional, were somehow undertaken with improper motives."

Finally, the district court did not err in denying Plaintiff's motions for additional discovery. We review the denial of additional discovery for abuse of discretion. *Gualuandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004). "To request discovery under [Rule 56(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Id*. at 244. In this case, the Plaintiff's affidavit fails to state specific facts Plaintiff seeks to obtain, but merely repeats the allegations in the Complaint. Accordingly, the district court did not abuse its discretion in denying Plaintiff's requests.

We have considered Plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4