13-4411
Fuller v. Evans

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>PIERRE N. LEVAL,
>PETER W. HALL,
>>*Circuit Judges.*

_____

Edwin Fuller, suing on behalf of themselves and
all others similarly situated, et al.,

>*Plaintiffs-Appellants*,

Sebastian Ventimiglia, suing on behalf of themselves
and all others similarly situated,

>*Plaintiff*,

>v.                                                     13-4411

Andrea Evans, Chairperson of the NYS Board of
Parole, et al.,

>*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:      Christopher Ellison, pro se, Woodbourne, NY
Edwin Fuller, pro se, Woodbourne, NY
Benedict Torres, pro se, Attica, NY
Jonathan Hurley, pro se, Woodbourne, NY

FOR DEFENDANTS-APPELLEES:     Judith Vale, *for* Eric T. Schneiderman, Attorney
General of the State of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Christopher Ellison and three other New York state prisoners appeal from the district court's dismissal of their complaint brought under 42 U.S.C. §§ 1983 and 1985 for violations of their rights under the First and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

An independent review of the record and relevant case law reveals that the district court properly granted the defendants' motion to dismiss. We affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order, as well as the following additional reasons.

The appellants argue that the district court improperly characterized their equal protection claim as relying on a suspect classification theory, while their claims in fact rested on a selective enforcement or "class of one" theory. *See* 2d Cir. 13-4411 (Br.) at 46-47. Their claim fails under both alternative theories for substantially the same reasons as given by the district court in connection with the suspect classification theory. The New York legislature assigned indeterminate sentences to violent and serious offenses. Accordingly, making parole more easily available to prisoners serving determinate sentences, as opposed to indeterminate sentences, is a rational classification, reasonably related to the goals of punishment and parole. *See LaTreiste Rest. & Cabaret Inc. v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994); *see also Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Appellants argue that we have not considered whether a due process interest in parole arises from the combined effect of the state parole statute, as amended in 2011, and the state regulations governing parole. However, they did not allege that they were denied parole under the amended statute. Furthermore, we considered the effect of the pre-amendment statute and regulations together in 2001 and found no due process interest in parole. *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). Appellants have pointed to no specific language in any version of the statute that might create a legitimate expectancy of release and thereby give rise to a due process interest in parole.

The appellants' First Amendment claims based on their rights to access the courts and petition the government fail as well. "To state a claim for denial of access to the courts . . . a plaintiff must allege that the defendant took or was responsible for actions that hindered [the plaintiff's] efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)

3

(internal quotations omitted).  The appellants do not state a First Amendment claim merely by alleging that the state justices applied the wrong legal standard when reviewing parole board denials or that they improperly transferred their claims.  None of the alleged actions of the state justices affected the prisoners' efforts to pursue their claims.

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4