15-1081-cv
*Weissmann, et al. v. Village of Sloatsburg, New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
              CHRISTOPHER F. DRONEY,
                          *Circuit Judges,*
              JEFFREY ALKER MEYER,
                          *District Judge.*[*]

---

LAWRENCE A. WEISSMANN, KIM WEISSMANN, PELLEGRINO DEVELOPMENT CORP., THOMAS PELLEGRINO, VIOLA PELLEGRINO,

    *Plaintiffs-Appellants,*

        v.                                      No. 15-1081-cv

VILLAGE OF SLOATSBURG, NEW YORK, J. MARK REIMER, DEPUTY MAYOR OF THE VILLAGE OF SLOATSBURG, NEW YORK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AND AS TRUSTEE OF THE IRREVOCABLE TRUST AGREEMENT FOR THE BENEFIT OF LYNNE C. REIMER, 25-27 EAGLE VALLEY ROAD, SLOATSBURG, NEW YORK 10974,

---

[*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

*Defendants-Appellees.*†

_____

**FOR PLAINTIFFS-APPELLANTS:**    WILLIAM A. GERARD, Palisades, NY, *for* Kim Weissmann, Pellegrino Development Corp., Thomas Pellegrino, and Viola Pellegrino.

Lawrence A. Weissmann, West Nyack, NY, *pro se.*

**FOR DEFENDANTS-APPELLEES:**    DAVID J. COOPER (Michael D. Zarin, *on the brief*), Zarin & Steinmetz, White Plains, NY, *for* J. Mark Reimer.

MICHAEL A. MIRANDA (Evan E. Richards, *on the brief*), Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY, *for* Village of Sloatsburg, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Judith C. McCarthy, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 9, 2015 judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Lawrence A. Weissmann, Kim Weissmann, Pellegrino Development Corp., Thomas Pellegrino, and Viola Pellegrino appeal from a decision of the District Court granting summary judgment to defendants-appellees J. Mark Reimer and the Village of Sloatsburg, New York, in a civil rights action brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court granted summary judgment to defendants-appellees on all of the § 1983 claims. With respect to the first claim, which the District Court construed as either a class-of-one or a selective-enforcement equal-protection claim, the District Court ruled that plaintiffs-appellants had failed to adduce "evidence of similarly situated individuals to Plaintiff Lawrence Weissmann." App. 65. With respect to the second and third claims, for First Amendment retaliation, the District Court

_____

† The Clerk of Court is directed to amend the official caption to conform to the caption above.

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to having a United States magistrate judge conduct all district-court proceedings in the case.

ruled that plaintiffs-appellants had failed to adduce "evidence that their speech was 'actually chilled.'" App. 66.[2] This appeal followed.

Based on the record before us, we conclude that the District Court properly granted summary judgment in favor of defendants-appellees. The District Court correctly concluded that plaintiffs-appellants failed to adduce sufficient evidence of a comparator to sustain a class-of-one or a selective-enforcement equal-protection claim. *See generally Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010) (elements of a class-of-one claim); *LaTrieste Rest. v. Vill. of Port Chester*, 188 F.3d 65, 69 (2d Cir. 1999) (elements of a selective-enforcement claim). Even if *Pyke v. Cuomo*, 258 F.3d 107 (2d Cir. 2001)—the principal case relied upon by plaintiffs-appellants, which related to race-based discriminatory practices—applied here, plaintiffs-appellants have failed to proffer any evidence of race-based discrimination, and they abandoned during oral argument their arguments based on religion-based discrimination. The District Court also properly concluded that plaintiffs-appellants failed to adduce sufficient evidence to sustain their First Amendment retaliations claims—claims that, in any event, plaintiffs-appellants appeared to have expressly abandoned during oral argument.

## CONCLUSION

We have considered all of plaintiffs-appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 9, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Observing that the complaint "awkwardly repeats a list of constitutional rights without connection to any facts," the District Court also ruled that, to the extent the complaint raised additional federal-law claims, plaintiffs-appellants abandoned these claims on summary judgment. App. 66–67.