New Page at 63 Main, LLC et al. v. Inc. Vill. of Sag Harbor et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         BARRINGTON D. PARKER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

NEW PAGE AT 63 MAIN, LLC, 63 MAIN LLC,
         Plaintiffs-Appellants,

         -v.-                                    16-1078

INCORPORATED VILLAGE OF SAG HARBOR,
BRIAN GILBRIDE, TIMOTHY PLATT,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:              Lawrence Ellis Kelly, Bayport, NY.

FOR APPELLEES:              Anne C. Leahey, Devitt Spellman
                            Barrett, LLP, Smithtown, NY.

1

Appeal from a final order of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

New Page at 63 Main LLC and 63 Main LLC appeal from the final order of the United States District Court for the Eastern District of New York (Spatt, J.) dismissing all of their claims against the Incorporated Village of Sag Harbor ("the Village"), its mayor Brian Gilbride, and inspector Timothy Platt pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This case arises from disputes over the "occupancy load" (apparently, the maximum seating capacity) of a restaurant operated by plaintiffs, and from the defendants' suspension of a license agreement that permitted the restaurant to use outdoor dining space. Plaintiffs' action in state court, pursuant to Article 78 of the New York Civil Practice Law and Rules, was dismissed in August 2015. Plaintiffs then brought this action pleading constitutional claims pursuant to 42 U.S.C. § 1983. They contend that defendants' revocation of plaintiffs' license for outdoor dining (or actions related thereto) constituted (1) First Amendment retaliation, (2) a bill of attainder in violation of Article I, § 10 of the U.S. Constitution, (3) a Fourteenth Amendment Due Process violation, and (4) a Fourteenth Amendment Equal Protection violation; and, additionally, that (5) Gilbride and Platt entered plaintiffs' property without consent in violation of the Fourth Amendment.

We review de novo the district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

**1.** Plaintiffs allege (with scarce details as to time or circumstance) that they engaged in protected speech critical of the Village's slow processing of building permits and that

defendants retaliated by revoking their outdoor-dining license, causing them monetary damages.

In order to state a § 1983 claim for First Amendment retaliation, a plaintiff must plead facts sufficient to show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).

Setting aside whether plaintiffs have satisfied the first and third requirements of a retaliation claim by sufficiently alleging protected speech and damages, they clearly failed to plead facts to show that defendants' actions "were motivated or substantially caused" by plaintiffs' protected speech. The complaint alleges that Platt and Gilbride on separate occasions each made a single negative comment directed toward the plaintiffs, and evidently motivated by plaintiffs' failure (in Platt and Gilbride's view) to abide by maximum occupancy limits. Irrespective of the merits of the dispute over occupancy, neither comment, as alleged, pertains to public criticisms (or other protected speech) or implies retaliation for them, nor do plaintiffs plead any other facts to support such an inference. Accordingly, we agree with the district court that the First Amendment retaliation claim must be dismissed.

**2.** Plaintiffs allege that "the Board of Trustees of the [Village] publicly passed a resolution revoking the license agreement between the [Village] and plaintiffs for dining in the front space at" the restaurant. Compl. ¶ 106, J.A. 26. This "resolution" is alleged to be a bill of attainder, prohibited by Article I, Section 10 of the U.S. Constitution.

"[T]he Bill of Attainder Clause prohibits any 'law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" ACORN v. United States, 618 F.3d 125, 135-36 (2d Cir. 2010) (quoting Selective Serv. Sys. v. Minn. Pub. Interest Research Grp., 468 U.S. 841, 846-47 (1984)).

The allegations in the complaint, accepted as true, do not establish that the "resolution" revoking the outdoor-dining

"license agreement" constitutes a law or a legislative determination of anything within the contemplation of Article I, Section 10. Plaintiffs do not sufficiently plead (or persuasively argue) that the Village Board of Trustees is a legislature or that the resolution is more than a decision to revoke or suspend an agreement by a party to that agreement. Even if we assume that the Board of Trustees is a legislative body and that the resolution was a bill within the meaning of Article I, the revocation of the outdoor-dining license does not "fall[] within the historical meaning of legislative punishment." ACORN, 618 F.3d at 136. The complaint therefore does not plausibly plead a violation of the Bill of Attainder Clause.

**3.** Plaintiffs appear to allege violations of their substantive due process rights, and they argue on appeal that the district court wrongly dismissed their substantive due process claims. The nature of those alleged violations is unclear. Plaintiffs aver that defendants "are involved in criminal conduct, seizing and destroying relevant and material records while under a mandatory state duty on records creation and retention," and that the revocation of plaintiffs' outdoor-dining license was "predicated on these illegal and criminal acts." Appellant Br. 23. But these conclusory assertions are not supported by well-pleaded facts. "[T]he threshold question" in a § 1983 substantive due process claim "is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998). The plaintiffs do not plead sufficiently specific facts to establish any conduct approaching that high bar.

Nor is it plausibly alleged that defendants violated plaintiffs' procedural due process rights. In order for a procedural due process claim to survive dismissal under Rule 12(b)(6), "a plaintiff must plead facts sufficient to give rise to a claim that he was deprived of his property without constitutionally adequate pre- or post-deprivation process." Ahlers v. Rabinowitz, 684 F.3d 53, 62 (2d Cir. 2012) (quotation marks omitted). The only "property" deprivation that plaintiffs allege is the license to serve customers on the

4

sidewalk in front of their restaurant.  But to claim a protected property interest in that license, plaintiffs must "have a legitimate claim of entitlement to it"; that is, they "clearly must have more than an abstract need or desire and more than a unilateral expectation of it."  Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) (quotation marks omitted).

The Code of the Village of Sag Harbor provides for the issuance of outdoor-dining licenses by the Board of Trustees.  See Village Code § 300-11.17(D)(1).  Plaintiffs assert that the Village "does not have unfettered discretion" in the regulation of sidewalk dining. Appellant Br. 24.  However, they have identified no specific limitations on its discretion, nor have they presented any persuasive argument that some such limitation was violated.  Plaintiffs therefore failed to plausibly allege a legitimate claim of entitlement.  Moreover, even if they were entitled to an outdoor-dining license, they initiated an Article 78 proceeding challenging the revocation, and they present no persuasive argument that this proceeding was insufficient post-deprivation process to satisfy the Fourteenth Amendment.  The procedural due process claim therefore must be dismissed.

**4.**  Plaintiffs contend that they were singled out for differential treatment for which there is no rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment.  In order to succeed on that claim, plaintiffs must establish that "(i) no rational person could regard the circumstances of the plaintiff[s] to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 60 (2d Cir. 2010) (quotation marks omitted).

Plaintiffs vaguely refer to other restaurants with outdoor seating, but they identify no comparator with sufficient specificity to meet this high standard.  Plaintiffs' conclusory allegations identify no comparator similarly situated in all material respects; they notably make no allegations about other restaurants exceeding maximum occupancy loads or disputing

occupancy limits.  The equal protection claim was therefore appropriately dismissed.

5.  Plaintiffs allege that Platt and other inspectors "made [entry] onto the property" of the restaurant without consent, compl. ¶ 132, J.A. 32, in violation of the Fourth Amendment. Such entries were allegedly made on multiple, though unspecified, occasions and were calculated "to intimidate plaintiffs through unlawful entry and direct threats to the livelihood of plaintiffs without lawful justification."  Id. ¶ 133.  These spare and conclusory allegations do not specify dates or times or circumstances.  Such omissions are especially significant considering that the allegations pertain to inspectors visiting a restaurant: the reasonable expectation of privacy on the premises of a restaurant is diminished relative to, for instance, a private residence, and there is a legitimate public interest in regulatory inspections.  Diminished expectations of privacy and the need for inspections do not authorize any entry at any time and under any circumstances; but plaintiffs do not plead facts with sufficient specificity to establish impropriety.  We agree with the district court that defendants fail to plausibly allege a Fourth Amendment claim.

Accordingly, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the final order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6