17-3380-cv
Harenton Hotel v. Village of Warsaw

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand eighteen.

PRESENT:    BARRINGTON D. PARKER,
              PETER W. HALL,
              RAYMOND J. LOHIER, JR.,

              *Circuit Judges.*

---------------------------------------------------------------------

THE HARENTON HOTEL, INC., RANDY M. HARE, individually and as agent for E. PROPERTIES, LLC,

              *Plaintiffs-Appellants,*

        v.                           No. 17-3380-cv

VILLAGE OF WARSAW, DANIEL HURLBURT, CODE ENFORCEMENT OFFICER, individually and in his official capacity, VALERIE DUELL, VILLAGE OF WARSAW ZONING BOARD MEMBER, individually and in her official capacity,

              *Defendants-Appellees.*

---------------------------------------------------------------------

FOR APPELLANTS:                ALAN J. KNAUF, Knauf Shaw LLP, Rochester, New York.

1

FOR APPELLEES:                    GERARD E. O'CONNOR, Lipman O'Connor, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants The Harenton Hotel, Inc. ("Harenton Hotel"), Randy M. Hare ("Hare"), and E. Properties, LLC ("E. Properties") (collectively "Appellants") appeal from a final judgment awarding summary judgment in part in favor of Defendants-Appellees on Appellants' federal claims and dismissing their state law claims without prejudice. The instant dispute arises from Appellants' attempt to renovate into a 50-room luxury hotel a building in the Village of Warsaw, NY that had served as a nursing home ("project"). Although Appellants were initially granted a building permit and several variances for the project, that permit expired, and Appellants were not granted an extension or a new building permit. After determining that further efforts to obtain approval for the project would be futile, Appellants filed the instant suit, asserting claims under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and for denial of equal protection in violation of the Fourteenth Amendment, and asserting state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with business relationship.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

2

"We review the district court's grant and denial of summary judgment *de novo.*" *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See Patterson v. Cty. of Oneida,* 375 F.3d 206, 219 (2d Cir. 2004).

A plaintiff asserting a First Amendment retaliation claim "must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). The parties do not dispute that Hare engaged in speech protected by the First Amendment by contacting the New York State Code Enforcement Office for assistance with getting the project permitted, filing an Article 78 proceeding in New York State Supreme Court, and speaking out against Defendants-Appellees at public hearings. But Appellants failed to introduce any evidence that Defendants-Appellees' actions were motivated or caused by Hare's protected speech. Based on the record before the district court it appears that Hare's protected speech was indeed a *reaction* to an ongoing pattern of the Warsaw Attorney and Defendant-Appellee Code Enforcement Officer Daniel Hurlburt ("Hurlburt") requesting more information from Hare, preventing further work on the project, and denying Hare an extension to his existing building permit or a new building permit. According to Hare's own declaration, Defendant-Appellee Valerie Duell ("Duell") was motivated to act against Hare due to ill will fostered *unrelated* to

3

Hare's relevant protected speech taking place.

To prevail on a Fourteenth Amendment equal protection class-of-one claim a plaintiff must show: "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018) (quoting *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 – 60 (2d Cir. 2010)). "A court may grant summary judgment in a defendant's favor on the basis of lack of similarity of situation . . . where no reasonable jury could find that the [projects] to [which] the plaintiff compares [its project] are similarly situated." *Clubside v. Valentin*, 468 F.3d 144, 19 (2d Cir. 2006).

Appellants pointed the district court, and now this court, to three other projects in Warsaw which they argue are similarly situated to the project: the chemical dependency clinic at 20 and 22 North Main Street in Warsaw; another chemical dependency clinic located at 58 West Buffalo Street; and the DiMartino restaurant at 425 North Main Street. While it may be true that the project was the only proposed hotel in Warsaw, Appellants fail to set forth any evidence or argument as to how they are similarly situated to the other projects they have identified, all of which on their face appear significantly smaller and less complex than a 50-room luxury hotel, and all of which were completed within a year without need to extend a building permit.

Nor did the district court abuse its discretion by declining to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (explaining that a "district court[] may

4

decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction").

The district court properly held that Appellants' substantive due process claim, referenced in their opposition to the motion for summary judgment, was not adequately pled. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (recognizing that a party may not use opposition to a dispositive motion as a means to amend the complaint); *see also Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 406–07 (S.D.N.Y. 2006) (explaining that "[a]lthough a complaint need not correctly plead every legal theory supporting the claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense. Because a failure to assert a claim until the last minute will inevitably prejudice the defendant, courts in this District have consistently ruled that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.") (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (citation omitted)).

We have considered all Appellants' arguments and conclude that they are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.[1]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The district court held that because Appellants had not demonstrated that the Harenton Hotel had ever acquired an ownership interest in the project or that it was damaged by the actions of Appellees, it did not have standing. The district court also noted that Hare had not demonstrated he was an agent of E. Properties. Appellees argue that because Appellants did not challenge these rulings on appeal, Hare is the sole Appellant. Because we affirm the district court's grant of summary judgment to Appellees, and its dismissal of Appellants' remaining state law claims, and because there are no claims remaining, this point is moot.