*16-1160-cv*
*Hampshire Recreation, LLC v. The Village of Mamaroneck*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of November, two thousand sixteen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                         *Circuit Judges.*

_____

HAMPSHIRE RECREATION, LLC, for an Order and
Judgment Pursuant to 42 U.S.C. Section 1983, the
Fifth Amendment of the U.S. Constitution, Article 1,
Section 7 of the New York Constitution, Section 107
of the Public Officers Law, Article 78 of the CPLR
and Declaratory Judgment, HAMPSHIRE CLUB, INC.,
for an Order and Judgment Pursuant to 42 U.S.C.
Section 1983, the Fifth Amendment of the U.S.
Constitution, Article 1, Section 7 of the New York
Constitution, Section 107 of the Public Officers Law,
Article 78 of the CPLR and Declaratory Judgment,

              *Plaintiffs-Appellants,*                    16-1160-cv

              v.

THE VILLAGE OF MAMARONECK, NEW YORK, THE
VILLAGE OF MAMARONECK BOARD OF TRUSTEES,
THE VILLAGE OF MAMARONECK ZONING BOARD OF
APPEALS,
              *Defendants-Appellees,*

MAMARONECK COASTAL ENVIRONMENTAL
COALITION, INC., DAVID WENSTRUP, JACK LUSK,

1

JASON SHAPIRO, CELIA FELSHER, JOHN CECIL, KELLY WENSTRUP, JANE HERZOG, JENNIFER KRONICK,

*Intervenor-Defendants.*

---

**FOR PLAINTIFFS-APPELLANTS:**
MICHAEL D. ZARIN, (David J. Cooper *on the brief*), Zarin & Steinmetz, White Plains, NY.

**FOR DEFENDANTS-APPELLEES and INTERVENOR-DEFENDANTS:**
EDMUND C. GRAINGER, III (Patricia W. Gurahian *on the brief*), McCullough, Goldberger & Staudt, LLP, White Plains, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Hampshire Recreation, LLC ("Hampshire") appeal the March 25, 2016 judgment of the District Court, granting the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Hampshire requests review of the District Court's rulings on two causes of action: (1) a claim under Equal Protection Clause of the Fourteenth Amendment; and (2) a retaliation claim under the First Amendment. The District Court declined to exercise supplemental jurisdiction over the state law claims, which have been remanded to the New York Supreme Court. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal. For the reasons set forth in the District Court's thorough and well-reasoned opinion, we find both claims to be without merit.

\*\*\*

We review *de novo* a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin.,* 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

First, the District Court appropriately dismissed Hampshire's selective enforcement claim because Hampshire is not similarly situated to its alleged comparators. Under the Equal Protection Clause, a plaintiff must plausibly show that it was "treated differently compared to others similarly situated." *Church of Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004). Unlike the three other recreational clubs, Hampshire is subject to different zoning regulations and initially did not have a Special Permit—facts that explain why it is not entitled to equal treatment with respect to its property use. "[T]hese three other clubs . . . are located entirely within the MR zoning district [whereas] Plaintiffs' Property is split between the MR and R-20 zoning districts. (SAC ¶ 21.)" *In the Matter of the Application of Hampshire Recreation, LLC v. Village of Mamaroneck*, No. 14-CV-7228 (CS), 2016 WL 1181727, at *7 (S.D.N.Y. Mar 25, 2016) ("District Court Opinion"). Even if Hampshire were able to establish a class of similarly situated comparators, the District Court offers numerous reasons why the Village's decision to award a probationary permit was not discriminatory under both "selection enforcement" and "class-of-one" theories. Accordingly, we find Hampshire's Equal Protection claim to be without merit.

Second, the District Court rightly concludes that the Village's issuance of the violation notice and its pursuit of enforcement actions—the only plausible retaliatory conduct—were too remote in time from the plaintiffs' protected speech to sustain its retaliation claim under the First Amendment.[1] *Id.* at *9-10. "Even if one interpreted Plaintiffs' protected activity to have begun in April 2012, when they first announced their intent to pursue rezoning, . . . the first purportedly retaliatory act did not occur until approximately one and a half years later, far too late to support the required plausible inference. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (causal connection established where 'protected activity [is] closely followed in time by the adverse action'.) District Court Opinion at *10. Since Hampshire fails to present evidence of retaliatory conduct, the District Court properly dismissed Hampshire's retaliation claim under the First Amendment.

After Hampshire's repeated failures to cure the deficiencies in the complaint, we conclude that the District Court acted within its discretion to deny leave to amend and to decline to exercise supplemental jurisdiction over the state law claims.

---

[1] The First Amendment protects "[t]he rights to complain to public officials and to seek administrative and judicial relief from their actions." *Dougherty v. Town of North Hempstead BZA,* 282 F.3d 83, 91 (2d Cir. 2002) (concerning the revocation of a building permit and retaliatory actions by government officials).

3

**CONCLUSION**

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk