*Panzella v. City of Newburgh*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 6th day of December, two thousand seventeen.

Present:   ROBERT A. KATZMANN,
                     *Chief Judge*,
               JOHN M. WALKER, JR.,
               GUIDO CALABRESI,
                     *Circuit Judges*.

_____

JOHN PANZELLA, JOEMARK ENTERPRISES, LLC,

                     *Plaintiffs-Appellants*,

                     v.                                                    No. 17-614

CITY OF NEWBURGH,

                     *Defendant-Appellee*.

_____

For Plaintiffs-Appellants:        MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

For Defendant-Appellee:        DAVID L. POSNER, McCabe & Mack LLP, Poughkeepsie, NY.


          Appeal from the United States District Court for the Southern District of New York

(Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants John Panzella and Joemark Enterprises, LLC, appeal from a final judgment entered by the district court (Karas, *J.*) on February 13, 2017, dismissing their complaint against the Defendant-Appellee City of Newburgh for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013). "We review *de novo* a dismissal for failure to state a claim, accepting as true all material factual allegations in the complaint and drawing all reasonable references in plaintiffs' favor," but "[t]he same deference does not extend . . . to pleaded legal conclusions." *Id.* The facts below are drawn from the first amended complaint in this matter.

Panzella is the owner and president of Joemark Enterprises. In 2000, Panzella purchased the River Rose, a 64-foot boat that he intended to use for passenger trips along the Hudson River that were to depart from and return to a dock in the City of Newburgh. Panzella began seeking approvals necessary to install a dock on the City's waterfront in 2002, culminating in a resolution passed by the City Council on March 29, 2004 that authorized the city manager to enter into an agreement with Joemark Enterprises, which was done on April 5, 2004. At around the same time or shortly thereafter, other Newburgh-based businesses began to bring political pressure to bear on local government officials in order to frustrate Panzella's ability to construct and eventually make use of the dock, leading to the imposition of significant costs and delays on the project. Eventually, on April 12, 2010, the City of Newburgh revoked its earlier resolution and proposed

new terms that were inconsistent with the parties' earlier agreement. Panzella and Joemark Enterprises have continued to operate the River Rose from the dock they built since that time, but the parties have failed to reach a new agreement governing the use of or responsibility for the dock. It is further alleged that the City of Newburgh has given more favorable treatment to other commercial enterprises located along its waterfront. Based on the foregoing, Panzella and Joemark Enterprises brought a single claim against the City of Newburgh for violating the Equal Protection Clause of the Fourteenth Amendment, which was dismissed with prejudice for failure to state a cause of action. *Panzella v. City of Newburgh*, 231 F. Supp. 3d 1 (S.D.N.Y. 2017).[1]

"Under the Equal Protection Clause, a plaintiff must plausibly show that it was 'treated differently compared to others similarly situated.'" *Hampshire Recreation LLC v. Vill. of Mamaroneck*, 664 F. App'x 98, 100 (2d Cir. 2016) (quoting *Church of Am. Knights of Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004)). Panzella fails to plead adequate facts to make such a showing.

The only comparator to the River Rose that is identified by the plaintiffs is the Pride of the Hudson, "another vessel which served food and drink," App. 21 ¶ 83, that is engaged in "sightseeing cruises and charter rides along the Hudson River," *id.* ¶ 82, and which "the City assisted in finding dock space during the 2014-15 time period," *id.* at 23 ¶ 91. Although this suit alleges unequal treatment by the City of Newburgh toward its contractual partners, the plaintiffs have alleged no facts establishing that the Pride of the Hudson's owner has a contract with the City of Newburgh, let alone that the terms of any such agreement are materially similar to those contained in the parties' 2004 agreement. Nor have the plaintiffs alleged that the owner of the

---

[1] The City of Newburgh also previously prevailed in a contract dispute with Joemark Enterprises in which it was determined that Joemark Enterprises had not adequately performed its obligations under the 2004 agreement. *See Joemark Enters., LLC v. City of Newburgh*, 62 A.D.3d 954 (N.Y. App. Div. 2009). We take judicial notice of that dispute and its resolution "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Pride of the Hudson ever sought access to municipal utilities or to use a dock its owner constructed. In the absence of any such allegations, Panzella and Joemark Enterprises have failed to adequately allege that the Pride of the Hudson is similarly situated to the River Rose for equal protection purposes. Accordingly, they have failed to state a claim. *See Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010) (affirming dismissal where plaintiffs "fail[ed] to allege that properties sufficiently similar to theirs were treated more favorably").

We have considered all of the plaintiffs-appellants' arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK