13-160-cv
*Lieberman, et al. v. County of Monroe, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand fourteen.

PRESENT:   RICHARD C. WESLEY,
                    CHRISTOPHER F. DRONEY,
                                            *Circuit Judges*
                    RONNIE ABRAMS,*
                                            *District Judge.*

-------------------------

JOSH LIEBERMAN, MEGAN BARRETT,
CHRSTINE HERRICK, DAVE GREENLAWN, and
ALEXANDER TERRANCE,

                    *Plaintiffs-Appellants,*

          -v.-                                        No. 13-160-cv

CITY OF ROCHESTER, DAVID T.
MOORE, In his Official and Individual
Capacities, TORTORO, In his Official and

-------------------------

* The Honorable Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

1

Individual Capacities, SHAW, WARD,
MACFALL, In his Official and Individual
Capacities, YODICE,

*Defendants-Appellants,*

COUNTY OF MONROE, UNNAMED DEPUTY(S)
OF THE MONROE COUNTY SHERIFF'S
DEPARTMENT, PATRICK O'FLYNN, SHERIFF OF
THE MONROE COUNTY SHERIFF'S DEPARTMENT,
In his Individual and Official Capacities,

*Defendants.*

FOR APPELLANTS:     Christina A. Agola, Christina Agola PLLC, Rochester, NY.

FOR APPELLEES:     Robert J. Bergin, Corporation Counsel; John M. Campolieto *of counsel*, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Josh Lieberman, Megan Barrett, Christine Herrick, and Dave Greenlawn appeal from a April 29, 2011 Decision and Order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) granting a motion for judgment on the pleadings in favor of defendants and dismissing all of Plaintiffs-Appellants' claims, except for Alexander Terrance's excessive force

2

claim against Officer MacFall.[1]  The remaining Plaintiffs appeal the district

court's judgment as to their claims alleging denial of equal protection,  excessive

force, and municipal liability under 42 U.S.C. § 1983, as well as claims for assault

and battery, and intentional and negligent infliction of emotional harm under

New York State Law.  We assume the parties' familiarity with the underlying

facts, the procedural history, and the issues for review.

The complaint alleges that Plaintiffs were denied their right to equal

protection on the basis of their actual or perceived sexual orientation and on the

basis of their sex.  Additionally they allege that each Plaintiff was discriminated

against as a "class of one."  On appeal, Plaintiffs press only their "class of one"

theory.  "Class-of-one plaintiffs must show an extremely high degree of

similarity between themselves and the persons to whom they compare

themselves."  *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir.

2010) (internal citations and emendations omitted).  We have held that "to

succeed on a class-of-one claim, a plaintiff must establish that (i) no rational

person could regard the circumstances of the plaintiff to differ from those of a

comparator to a degree that would justify the differential treatment on the basis

---

[1] On December 10, 2012, Terrance stipulated to the dismissal of his claims; accordingly, he is no longer part of this suit and the appeal may proceed.

of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Id.* at 59-60. Plaintiffs fail to identify any comparator that meets this high standard. While the officers' alleged words and conduct were less than exemplary, and, if true, would provide evidence of discriminatory intent, these words alone are insufficient to state an equal protection claim on a "class of one" theory.

On his excessive force claim under § 1983, Lieberman alleges that one officer "body slammed" him to the ground, handcuffed him, and put him in a police car. Our analysis for excessive force claims is "one of objective reasonableness," which "requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989). Three considerations generally guide the Court's assessment of this balance: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight."

*Tracy*, 623 F.3d at 96. Given the volatility of the situation into which the officers intervened, we conclude that the force allegedly used against Lieberman was reasonable, and thus Lieberman's excessive force claim was correctly dismissed by the district court. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

The district court also properly dismissed Plaintiffs' *Monell* claim. To prevail on this claim, Plaintiffs must establish that they suffered a constitutional violation and that the violation resulted from an identified municipal "policy," "custom," or "practice." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Monell* also recognizes liability where "a municipality's failure to train its employees . . . amount[s] to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks and alterations omitted).

Plaintiffs fail to establish that the individual defendants' actions were the result of any policy or failure to train, or that any of the individual defendants exercised policymaking authority such that this single episode could possibly be attributed to the municipal authority.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>