| Cuatetl v City of New York |
|:---:|
| 2025 NY Slip Op 31166(U) |
| April 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160109/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**    PART    **5M**

*Justice*

-------------------------------------------------------------------------------X

TOMAS CUATETL,

INDEX NO.    160109/2021

Plaintiff,

MOTION SEQ. NO.    003 004

- v -

THE CITY OF NEW YORK, DENNIS MCLAUGHLIN, IDRIS
OLAYOKUN, JOHN DOES

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion for    SUMMARY JUDGMENT    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion for    DISMISSAL    .

The City of New York ("the City") moves pursuant to CPLR §§ 3211(a)(7) and 3212 for an order dismissing Plaintiff Tomas Cuatetl's ("Plaintiff") federal and state causes of action for failure to state a claim. In particular, the City seeks dismissal of: 1) Plaintiff's claims for negligent hiring, retention, supervision, and respondeat superior as a matter of law; and 2) Plaintiff's negligent and intentional infliction of emotional distress claims, and general negligence and prima facie tort claims as a matter of law. Concurrently, Plaintiff has filed an application for an order pursuant to CPLR § 3212 granting summary judgment on his claims for assault and battery against the City under the theory of respondeat superior.

## BACKGROUND AND ARGUMENTS

Plaintiff initiated this action on November 7, 2021, asserting multiple causes of action against the City of New York and various correction officers for, among other things, assault and battery, negligence, excessive force, and constitutional violations. On August 15, 2023, Plaintiff moved to amend his complaint to include Correction Officers Dennis McLaughlin and Idris Olayokun as defendants and to supplement his claims. The Hon. Judy H. Kim granted leave to amend pursuant to the relation back doctrine. The City subsequently served an amended answer on or about August 8, 2024; however, the amended answer names only the City, and the newly designated officers have not appeared on the record.

**160109/2021 CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**
**Motion No. 003 004**

**Page 1 of 9**

1 of 9

Central to this dispute is the incident on August 19, 2020, at the Manhattan Detention Complex ("MDC"), where Plaintiff alleges that after being transferred to MDC, he was subjected to a bifurcated series of assaults: first, an assault involving the use of chemical agents during a chaotic struggle, and second, a separate instance of forced fingerprinting despite his clear refusal. Plaintiff asserts that the excessive force applied, particularly in the fingerprinting episode, was neither reasonable nor necessary, in violation of established Department of Corrections ("DOC") policies. In support of his motion for summary judgment on his assault and battery claim, Plaintiff has offered deposition testimony, video footage of the incident, detailed medical records documenting his injuries, and relevant DOC use-of-force guidelines.

In response, the City contends that Plaintiff's allegations are conclusory, that genuine issues of material fact exist (particularly as to whether the force was applied as part of a continuum of events in response to Plaintiff's aggressive conduct), and that Plaintiff has failed to satisfy the heavy burden required to preclude a trial. The City also argues that, even if considered separately, the claims for negligent hiring, retention, supervision, and for negligent/intentional infliction of emotional distress and general negligence are not sustainable under the controlling legal standards.

## DISCUSSION

On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *aff'd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact

**160109/2021   CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**          **Page 2 of 9**
**Motion No.  003 004**

2 of 9

[* 2]

(*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

In determining the proper disposition of motions for summary judgment and for dismissal, this court must view the evidence in the light most favorable to the non-moving party and is obligated to conclude that summary judgment is only appropriate when no material issues of fact remain (CPLR § 3212[b]; *Dallas-Stephenson*, 39 AD3d at 306, *supra*). Further, as established in *Zuckerman*, 49 NY2d at 562, *supra*, once a prima facie case is made by the movant, the burden shifts to the opposing party to produce admissible evidence that negates any necessity for trial.

### A. Plaintiff's Motion

Here, Plaintiff has presented a record that raises serious questions as to whether the force used against him was excessive. The evidence proffered is ambiguous with respect to whether the conduct of the officers was a reasonable response to a chaotic situation. The deposition testimony of Officer Rivers, coupled with the dynamic nature of the incident as captured on video, necessitates a finding by this court that Plaintiff has failed to set forth a prima facie showing. Likewise, even if Plaintiff had set forth a prima facie showing, genuine disputes of material fact exist that must be resolved at trial. Indeed, the video footage of the incident at the MDC is a central component of Plaintiff's evidentiary record. Plaintiff argues that the video clearly demonstrates that he was subjected to excessive use of force, particularly during the episode involving the forced fingerprinting. However, upon careful review, the video does not conclusively establish, as a matter of law, that the force applied was unjustified or that it was solely responsible for Plaintiff's injuries. Instead, the video reveals a chaotic and dynamic environment in which Plaintiff is seen engaging in active resistance. Notably, as observed in the deposition of Officer Rivers and evidenced in portions of the footage, Plaintiff's behavior is ambiguous, and alternative reasonable inferences may be drawn regarding the officers' actions. This ambiguity is further compounded by the fact that, although the video captures moments of violent struggle, it does not isolate the forced fingerprinting incident from the broader context of the tumultuous encounter. Consequently, genuine issues of material fact remain regarding whether the force applied was both necessary and reasonable under the circumstances.

Considering these conflicting inferences, the court must view the factual disputes in the light most favorable to Plaintiff, as required by precedent (*William J. Jenack Estate Appraisers & Auctioneers, Inc.*, 22 NY3d at 475, *supra*). However, even under such a favorable reading, the video evidence leaves unresolved questions concerning the intent behind the officers' actions and the proportionality of their response. As established in *Ruiz*, 71 AD3d at 1115, *supra*, summary judgment is inappropriate when there exist issues of credibility or when conflicting inferences may be drawn from the evidence. Here, the ambiguities inherent in the video – including the context of Plaintiff's physical resistance and the exact sequence of events – are precisely the kinds of disputes that are more appropriately adjudicated by a jury, which is better suited to weigh conflicting evidence and assess credibility.

**160109/2021   CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**
**Motion No.  003 004**

Page 3 of 9

[* 3]

Even assuming that Plaintiff merely alleges that there was no necessity for correction officers to employ force in order to compel his fingerprints—and that the City has failed to rebut such an assertion—the record evidences serious deficiencies in Plaintiff's case on this point. As the City underscored at oral argument on April 8, 2025, Plaintiff waived depositions of the relevant officers involved in the fingerprinting prior to filing his note of issue, thereby precluding the opportunity to develop a full and contrasting factual record. Testimony that is likely to emerge at trial would undoubtedly counter Plaintiff's unilateral assertions, thereby creating genuine disputes of material fact. In this context, Plaintiff's own testimony, standing alone, is insufficient to establish a prima facie showing on this critical issue; the evidence remaining, in the light most favorable to the City, compels the conclusion that resolution of this matter is best suited for determination at trial rather than on summary judgment.

Accordingly, Plaintiff's motion for summary judgment is denied in its entirety.

## B. The City's Motion

In considering the City's application to dismiss Plaintiff's claims for negligent infliction of emotional distress, intentional infliction of emotional distress, general negligence, and prima facie tort, the court must determine whether, when viewed in the light most favorable to Plaintiff, the allegations in his complaint are sufficient to state a claim for relief. Under CPLR § 3013 and the controlling standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must allege more than mere conclusory statements. It must set forth sufficient factual matter, accepted as true, to raise a right to relief above the speculative level.

## I. Allegations of Emotional Distress Claims

The City contends that Plaintiff's claims for negligent and intentional infliction of emotional distress must be dismissed, arguing that the complaint asserts only conclusory allegations and fails to satisfy the heightened pleading standards required for such causes of action. In support, the City cites established precedent, including *Dillon v. City of New York*, 261 AD2d 34, 41 (1st Dept 1999), and *Lauer v. City of New York*, 240 AD2d 543, 544 (2d Dept 1997), for the proposition that claims for intentional infliction of emotional distress against a municipal defendant are categorically barred where the alleged conduct does not rise to the level of extreme and outrageous behavior necessary to sustain the cause of action.

While the record reflects that Plaintiff originally asserted that the correction officers' conduct was "outrageous" and exceeded all bounds of decency—particularly in light of repeated uses of force following his refusal to be fingerprinted due to a language barrier and his prior compliance (*see* Exhibit B, ¶¶35–38)—Plaintiff has since voluntarily withdrawn his claims for both negligent and intentional infliction of emotional distress. Accordingly, that branch of the City's motion is granted without opposition, and the claims for negligent and intentional infliction of emotional distress are dismissed.

**160109/2021   CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 9**
**Motion No.  003 004**

4 of 9

[* 4]

## II. Allegations of General Negligence and Prima Facie Tort Claims

The City further moves to dismiss Plaintiff's claims for general negligence and prima facie tort, arguing that these causes of action merely restate his underlying allegations of assault and battery under alternative legal theories. Relying on established precedent—including *Santoro v. Town of Smithtown*, 40 AD3d 736 (2d Dept 2007)—the City contends that where a plaintiff alleges intentional tortious conduct, broad negligence claims may not be maintained as duplicative or alternative avenues of relief. As the Appellate Division, Second Department, has made clear, a general negligence cause of action may not be sustained where the gravamen of the conduct sounds in intentional tort, and the same principle precludes a prima facie tort claim that merely repackages alleged misconduct more appropriately addressed under a specific tort theory.

While Plaintiff asserts that the correction officers violated departmental policies and exercised force that was neither necessary nor proportionate (*see* Exhibit B, ¶¶39–42, 60–62), these allegations do not transform the essential character of the claim into one of ordinary negligence. Nor does the invocation of institutional policies and procedures displace the controlling legal standard that intentional conduct, even if excessive, must be pursued under the well-defined rubric of assault and battery. Moreover, Plaintiff's prima facie tort claim fails as a matter of law, as he has not sufficiently alleged disinterested malevolence as the sole motivating factor behind the officers' conduct—a requirement under New York law (*see, e.g., Freihofer v. Hearst Corp.*, 65 NY2d 135, 142 [1985]).

Accordingly, the City's motion is granted to the extent that Plaintiff's claims for general negligence and prima facie tort are dismissed in their entirety, as they are duplicative of the core assault and battery allegations and are not independently cognizable under the applicable legal framework.

## III. *Monell* Allegations, Excessive Force and Failure to Intervene

With respect to the *Monell* claim, the City argues that Plaintiff has not provided a sufficient factual basis to establish that an official municipal policy or custom caused his alleged constitutional deprivation. The seminal decision in *Monell* requires that a plaintiff establish, with specific factual allegations, a causal connection between a municipal policy or custom and the injury suffered (*see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 [1978]). Here, this court declines to dismiss Plaintiff's *Monell* claim at this stage of the proceedings. The record—particularly when viewed in the light most favorable to the non-moving party—contains sufficient allegations and evidentiary support to sustain Plaintiff's theory that the violations he alleges were not isolated or aberrant, but rather the product of a municipal policy, custom, or practice that permitted or encouraged the unconstitutional use of force and abuse of pretrial detainees within the MDC.

It is well-established that under *Monell*, a municipality may be held liable under 42 U.S.C. § 1983 when the alleged constitutional violation is caused by the municipality's policy, practice, or custom (*Monell*, 436 U.S. at 694, *supra*). Liability may be predicated on: The existence of an official policy or custom; A practice so persistent and widespread as to constitute constructive acquiescence of policymakers (*Sorlucco v. New York City Police Dept.*, 971 F2d 864, 870–71 [2d

Cir. 1992]). A failure to adequately train or supervise employees, amounting to deliberate indifference (*City of Canton v. Harris*, 489 U.S. 378, 388 [1989]).

The pleadings and evidence need not conclusively prove the existence of a municipal policy at the summary judgment stage; rather, they must raise a triable issue of fact as to whether the alleged conduct flowed from an established policy or tolerated custom (*Ricciuti v. NYC Transit Authority*, 941 F2d 119, 123 [2d Cir. 1991]).

Here, Plaintiff's complaint and supporting affidavit allege, in substantial detail, a pattern of repeated beatings and mistreatment by DOC officers while detained at MDC—conduct that went unaddressed by supervisory personnel despite visible injuries and repeated pleas for medical assistance. As outlined in Plaintiff's affidavit and further corroborated by medical records, photographs, and grievance forms attached to his opposition papers, Plaintiff sustained numerous injuries over a sustained period, allegedly at the hands of multiple correction officers, including the use of force for refusal to be fingerprinted, denial of medical treatment, and physical assaults in the holding pens.

This course of conduct cannot plausibly be described as a spontaneous or isolated incident. Instead, Plaintiff alleges that the abuse was systemic and tolerated, if not encouraged, by supervisory staff who either observed the conduct firsthand or were made aware of it through formal complaints. Such allegations, when supported by factual details and documentation—as they are here—are sufficient to sustain a *Monell* claim past the pleadings and summary judgment stage.

The City argues that the video evidence undermines Plaintiff's claims. But the video, far from exonerating the officers or disproving Plaintiff's claims, depicts forceful interactions during fingerprinting and other custodial procedures, as well as multiple officers converging on Plaintiff without immediate justification visible on screen. The chaotic nature of the footage—combined with conflicting accounts in depositions and affidavits—does not negate Plaintiff's claims but rather raises triable issues concerning whether there was a tolerated or encouraged pattern of excessive force, inadequate intervention, or retaliatory abuse by DOC staff at MDC (*see also Jeffes v. Barnes*, 208 F.3d 49, 61 [2d Cir. 2000]).

Moreover, Officer testimony (including that of Officer Rivers) reflects a culture in which "use of force" may be justified not only by physical threat, but by verbal resistance or perceived non-compliance—criteria which, if institutionalized, raise serious constitutional concerns. The court finds that this evidence supports Plaintiff's contention that a *de facto* policy or widespread practice of disproportionate and punitive force existed at MDC during the relevant period.

Plaintiff's filings further suggest that supervisory officials at MDC were made aware of the alleged abuse yet failed to take meaningful corrective action. The absence of responsive oversight or disciplinary measures supports the inference of deliberate indifference (*Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 128 [2d Cir. 2004]).

Notably, Plaintiff submitted multiple grievances, sought outside medical attention, and verbally reported injuries to facility staff. Yet, there is no record of meaningful intervention,

**160109/2021    CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**                    **Page 6 of 9**
**Motion No.  003 004**

6 of 9

investigation, or punishment of the officers involved. That failure, in itself, may suffice to establish a triable *Monell* claim for deliberate indifference to systemic abuse (*Turpin v. Mailet*, 619 F.2d 196, 202 [2d Cir. 1980]; *Vann v. City of New York*, 72 F.3d 1040, 1049 [2d Cir. 1995]).

Viewing the record as a whole, and drawing all inferences in Plaintiff's favor, this court concludes that the Plaintiff has proffered sufficient evidence to allow a jury to determine whether the constitutional violations he alleges were the product of a municipal policy, custom, or practice—either express or tacit—tolerated by supervisory officials at the MDC. The *Monell* claim, accordingly, survives summary judgment.

In reviewing the City's arguments seeking dismissal of Plaintiff's claims for excessive force and failure to intervene, the court first reiterates that a motion to dismiss must be denied when the complaint, viewed in the light most favorable to the nonmoving party, raises genuine issues of material fact requiring resolution at trial. Although the City contends that Plaintiff's allegations are conclusory, the record contains specific factual assertions and corroborative evidence—including deposition testimony, video footage, and medical documentation—that collectively raise triable factual disputes regarding the reasonableness of the force applied.

Plaintiff alleges that the correction officers employed excessive force during two distinct episodes, notably during the forced fingerprinting, which he argues was unnecessary and constitutes a violation of DOC policy. The City asserts that the evidence is insufficient and merely repackages general assault and battery allegations. However, the court finds that the video evidence, while not dispositive on its own, does not conclusively establish, as a matter of law, that the force applied was justified. Instead, as emphasized in *Ruiz*, 71 AD3d at 1115, *supra*, the presence of conflicting inferences—such as those illustrated by the ambiguous recollections of Officer Rivers and the chaotic nature of the footage—raises genuine disputes regarding whether the officers' actions were a reasonable response to Plaintiff's conduct or an unwarranted excess. Furthermore, as supported by *Howell v. New York Post Co*., 81 NY2d 115 (1993), the legal standard for intentional infliction of harm through the use of force demands not only a showing of physical injury but also an inquiry into the reasonableness and proportionality of the response. The record, therefore, presents issues that must be examined by a jury.

Similarly, with respect to the failure to intervene claim, Plaintiff contends that certain officers did not take appropriate measures to halt or mitigate the excessive force administered by their colleagues. The City argues that this allegation is conclusory; however, the detailed factual narrative—supported by Plaintiff's deposition and the available video evidence—raises material questions as to whether supervisory or participating officers had a duty to act under the circumstances. The court finds persuasive the contention that, as established in *Lieberman v. City of Rochester*, 558 F. App'x 38 (2d Cir. 2014), and reinforced by principles articulated in *Keene v. Schneider*, 350 F. App'x 595 (2d Cir. 2009), issues of the proper scope of an officer's duty to intervene in dynamic, rapidly evolving custodial environments are fact-specific and not apt for resolution on a motion to dismiss.

Even if one were to accept the City's contention that, on its face, the evidence might suggest that excessive force was not strictly necessary to compel Plaintiff's compliance with fingerprinting, Plaintiff's own testimony, when considered in light of the depositions and video

**160109/2021   CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**                    **Page 7 of 9**
**Motion No.  003 004**

7 of 9

recordings, is insufficient to eliminate all inferences of potential unreasonableness. Moreover, the court notes that genuine issues of material fact persist regarding the context of the encounter, as well as the adequacy (or lack thereof) of supervisory intervention, which must be determined by a jury. Plaintiff's allegations, when taken with the corroborative deposition testimony and the nuances captured on video, not only raise a prima facie claim for excessive force but also cast doubt on the sufficiency of the officers' efforts to intervene.

Accordingly, the record demonstrates that conflicting inferences exist regarding whether the force used was justified under the circumstances and whether a duty to intervene was breached by the officers. Thus, consistent with the aforementioned principles, this court finds that Plaintiff's claims for excessive force and failure to intervene survive dismissal and should proceed to trial for resolution by a jury.

### IV. Negligent Hiring, Training, & Supervision Allegations

Plaintiff acknowledges that dismissal of his claim for negligent hiring, training, and supervision is warranted. Moreover, the City's argument that Plaintiff's claim should be dismissed is firmly rooted in established authority. As the Appellate Division, First Department, held in *Karoon v. New York City Tr. Auth.*, 241 AD2d 323 (1st Dept 1997), when an employee's wrongful act occurs within the scope of employment, liability attaches automatically, rendering a separate cause of action unnecessary. Plaintiff's own admissions in his complaint confirm that the alleged tortious acts occurred while the officers were acting within the scope of their employment; thus, the negligent hiring, training, and supervision claim is dismissed as a matter of law. Accordingly, it is hereby

ORDERED that Plaintiff Tomas Cuatetl's motion for summary judgment pursuant to CPLR § 3212 is DENIED in its entirety; and it is further

ORDERED that the motion of Defendant the City of New York, pursuant to CPLR §§ 3211(a)(7) and 3212, for summary judgment and dismissal of Plaintiff's claims is GRANTED to the extent that the branches of the City's motion seeking dismissal of Plaintiff's causes of action for negligent and intentional infliction of emotional distress, general negligence and prima facie tort, and negligent hiring, retention and supervision, are GRANTED, and those claims are hereby DISMISSED as a matter of law; and it is further

ORDERED that the branch of the City's motion seeking dismissal of Plaintiff's remaining claims is DENIED, as Plaintiff has sufficiently alleged facts which, if proven, may entitle him to relief under those remaining claims; and it is further

ORDERED that all remaining claims shall proceed to trial; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in accordance with the aforementioned directives; and it is further

**160109/2021  CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**                **Page 8 of 9**
 **Motion No.  003 004**

8 of 9

ORDERED that the parties are directed to appear for a settlement conference before the court on May 6, 2025, at 3:00 PM at the courthouse located at 80 Centre Street, Room 320, New York, NY.

This constitutes the decision and order of the court.

20250408130437HKINGO4F6...475CD46E991C509837421273A

| 4/8/2025 | | HASA A. KINGO, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160109/2021   CUATETL, TOMAS vs. THE CITY OF NEW YORK ET AL**
**Motion No.  003 004**

Page 9 of 9

9 of 9

[* 9]